IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ROLNIAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| NATIONAL RAILROAD PASSENGER, | ) | TRIAL BY JURY DEMANDED |
| CORPORATION, d/b/a AMTRAK | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this Federal Employers' Liability Act, 45 U.S.C. 51 *et seq*, action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51. Venue of this action in the District is proper because the defendant Railroad operates within the District and because its violations of the FELA occurred within the District. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

### PARTIES

3. The plaintiff is of Oak Lawn, Illinois.

4. The defendant, National Railroad Passenger Corporation (NRPC, or Amtrak), is a railroad corporation duly established by law, with extensive operations in Chicago and within the State of Illinois.

**FACTS**

5.  During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between and among various states, including within Illinois.

6.  At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as a locomotive electrical technician.

7.  At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8.  On or about December 8, 2013, the plaintiff was engaged in his duties as an electrical locomotive technician at the defendant's 14th Street Coach Yard in Chicago, Illinois, which Yard, tracks, walkways, overhead lighting, and all other equipment and premises appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant corporation or its agents.

9.  As a locomotive electrical technician, the plaintiff was subject to 24-hour assignments as needed. In early December 2013, due to the freezing cold weather, he was ordered to attend passenger Train #7 from Chicago to Minot, South Dakota, and then Train #8 returning back to Chicago. He was required to remain on that train 24 hours a day in order to be available to respond to any cold weather problems that arose, and was allowed to catch sleep as best he could.

10.  Rolniak left Chicago on Thursday December 5, 2013. The train returned to Chicago in the early morning hours of Sunday December 8, 2013, and at approximately 2:30 AM Rolniak

awoke to find the train had been parked in the 14th Street Coach Yard. As usual, he gathered his tools and personal effects and started to head for the Yard office to punch out.

11. Rolniak stepped down from the coach car where he was and began walking on the Yard's designated employee walkway. There was no snow on the cement walkway, and there were no signs or cones warning of black ice. It was night time, and the overhead lighting was partially blocked by an overhead steel structure, further darkening the walkway.

12. As he was walking, Rolniak's right foot suddenly slipped out from under him. As he fell, his right knee was severely bent and he heard a snap. He continued to fall until the back of his head hit the cement walkway. When he got up and tried to walk, he was unable to do so normally. He flagged down a passing motorized cart and was taken to his General Foreman, who met him in the Yard and transported him to the Emergency Room.

13. As a result of that incident, Rolniak suffered a ruptured quadriceps tendon and torn patella cartilage that required multiple surgeries, including a total knee joint replacement. His injuries leave him significantly disabled, and he has and will suffer lost wages, medical expenses, pain and suffering, and mental anguish.

## AS AND FOR A FIRST CAUSE OF ACTION

14. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 13 of this Complaint with the same force and effect as if set forth under this cause of action.

15. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

a. Failing to sand and salt a designated employee walkway;

b. Failing to warn of black ice on a designated employee walkway;

c. Failing to provide sufficient overhead lighting to illuminate a designated employee walkway;

d. Failing to act in a reasonably prudent manner under the facts and circumstances surrounding the accident.

e. Violated, or negligently failed to comply with, the standard of 92 ILCS 1546 "Employee Walkways in Railroad Yards," in that the walkway was not kept free of hazards.

12. As a result of the negligence of the defendant Railroad, its agents, servants, or employees in maintaining that designated employee walkway, the plaintiff was injured.

13. As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work, the plaintiff was injured.

14. As a result of all his injuries, the plaintiff has suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, disfigurement, and mental anguish.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for money damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

Respectfully submitted,


/s/:　William J. McMahon
WILLIAM J. MCMAHON




WILLIAM J. MCMAHON
HOEY & FARINA, P.C.
ATTORNEYS FOR PLAINTIFF
542 South Dearborn Street, Suite 200
Chicago, IL 60605
Telephone: 312- 939-1212
Facsimile:  312-939-7842
wmcmahon@hoeyfarina.com

5